UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SARINA BLEVINS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 23-10561-FDS |
| TANASIA PORTIS, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

**SAYLOR, C.J.**

Plaintiff Sarina Blevins has filed a civil action against Tanasia Portis, who is a social worker employed by the Massachusetts Department of Children and Families ("DCF"), and Juvenile Court Judge Helen A. Brown Bryant. According to plaintiff, the defendants have violated her federal rights with regard to a pending care-and-protection proceeding concerning her minor child. Blevins asks that this court order that the case pending in the Suffolk Juvenile Court be closed. She does not make a demand for monetary compensation.

The court declines to exercise jurisdiction over his matter to avoid interfering with the pending state proceedings. Under the doctrine of *Younger* abstention, *see Younger v. Harris*, 401 U.S. 37 (1971), "a federal court must abstain from hearing a case if doing so would 'needlessly inject' the federal court into ongoing state proceedings." *Coggeshall v. Mass. Bd. of Registration of Psyc.*, 604 F.3d 658, 664 (1st Cir. 2010) (quoting *Brooks v. N.H. Supreme Ct.*, 80 F.3d 633, 637 (1st Cir. 1996)). *Younger* abstention is even appropriate where litigants "claim violations of important federal rights," *In re Justices of Superior Ct. Dept. of Mass. Trial Ct.,* 218 F.3d 11, 17

(1st Cir. 2000), as long as the federal claims can be "raised and resolved *somewhere* in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, *see* U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." *Casa Marie, Inc. v. Super. Ct.*, 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).

Here, the court would "needlessly inject" itself the pending juvenile court proceeding if it were to consider plaintiff's claims. The court has no reason to believe that plaintiff will not have an opportunity to raise all relevant issues—including her challenge to the jurisdiction of the Juvenile Court—in the state court, whether in front of the trial court or on appeal. Furthermore, the Anti-Injunction Act, 28 U.S.C. § 2283, precludes a federal court from enjoining a state-court proceeding, subject to certain exceptions not relevant here.

For the foregoing reasons, the court orders that this action be DISMISSED without prejudice. Plaintiff's motion for leave to proceed *in forma pauperis* will be terminated as moot. **So ordered.**

Dated:  May 2, 2023

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court